**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Carlos Alfredo Aguilar Erazo,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 1:26-CV-00592** |
| | § | |
| **Pamela Bondi, United States Attorney** | § | |
| **General, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Carlos Alfredo Aguilar Erazo's ("Petitioner") Petition for Writ of Habeas Corpus under 26 U.S.C. § 2241, filed on March 11, 2026. Dkt. No. 1. On March 16, 2026, this Court ordered the Federal Respondents to show cause as to why the petition should not be granted. Dkt. No. 4. Respondents filed their response to the Petition on March 19, 2026. Dkt. No. 7. Having considered the parties' arguments, the applicable law, and the relevant facts, the Court finds Petitioner's Petition for Writ of Habeas Corpus should be denied and his non-habeas claims should be dismissed without prejudice.

The Fifth Circuit has rejected Petitioner's statutory argument in *Buenrostro-Mendez v. Bondi*, which is binding precedent on this Court. 166 F.4th 494 (5th Cir. 2026). The Court finds it is bound by the Fifth Circuit's recent decision in *Buenrostro-Mendez* and that Petitioner is lawfully detained under § 1225 rather than § 1226.

The Court has likewise denied similar habeas relief on constitutional grounds, as well as challenges brought under the Administrative Procedure Act. *See Hernandez v. Collins, et al.*, No. 1:26-CV-00289-ADA-ML (W.D. Tex. Mar. 9, 2026). The Court incorporates by reference its prior

analysis denying habeas relief in *Hernandez.* For the reasons stated previously and incorporated herein, the Court finds that Petitioner's requested relief should be denied.

Petitioner also raised challenges under the *Accardi* doctrine, arguing that there was unlawful revocation of release on recognizance and failure to follow governing custody. Dkt. No. 1 ¶¶ 100-106. Respondents addressed this issue and argued that these claims are not cognizable in habeas. Dkt. No. 7 at 21-22. The Court agrees with Respondents that these claims should be dismissed without prejudice because they fail on the merits. The Court agrees with Respondents that the Fifth Circuit's recent decision demonstrates previous supervised release that was provided to Petitioner is contrary to the statute. *See id.*

**IT IS THEREFORE ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus (Dkt. No. 6) is **DENIED.** To the extent Petitioner raised non-habeas forms of requested relief, they are **DISMISSED WITHOUT PREJUDICE.** All other requested relief is hereby denied.

**SIGNED** on April 7, 2026.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE